[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13077
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00571-CR-02-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN IBARRA ACUNA,
JUAN CARLOS ACUNA,
a.k.a. Juan Carlos Acuna-Ortiz,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(November 8, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Juan Ibarra Acuna ("Ibarra Acuna") and his son Juan Carlos Acuna ("Carlos

Acuna") appeal their convictions and 264-month sentences for conspiracy to possess, with intent to distribute, at least 5 kilograms of a substance containing a detectable amount of cocaine, and at least 500 grams of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and (b)(1)(A)(viii).

Acting on information from a confidential informant that a tractor-trailer was coming to Atlanta, Georgia to pick up money or drop off drugs, agents with the Drug Enforcement Administration ("DEA") initiated surveillance on a tractor-trailer as it arrived at the Atlanta Farmer's Market on the morning of September 12, 2004. DEA agents followed the tractor-trailer when it left the market and traveled to a warehouse rented by Ibarra Acuna for his business.[1] The agents continued surveillance of the warehouse the next day and observed a white Dodge Durango arrive at the warehouse and then leave 45 minutes later. After following the Durango and locating it at a so-called stash house, agents searched it and recovered approximately 240 kilograms of cocaine and over 30 kilograms of methamphetamine. Other DEA agents returned to the warehouse and, after obtaining Ibarra Acuna's oral and written consent to search the warehouse and vehicles, removed over $4.6 million in cash and a drug ledger bearing the date of

---

[1]Although Ibarra Acuna leased the warehouse, Carlos Acuna negotiated the lease for Ibarra Acuna and paid rent to the landlord each month in cash.

September 13, 2004 from the tractor-trailer parked inside the warehouse. DEA agents also found two kilograms of cocaine in a purple Cadillac parked inside the warehouse that was registered to Carlos Acuna.

Prior to trial, Ibarra Acuna filed a motion to suppress evidence of money seized from the tractor-trailer located in his warehouse. Carlos Acuna filed a motion to suppress identification testimony from neighbors who previously selected him from a photo lineup when asked to identify anyone they had seen at the stash house where DEA agents found the Durango. The magistrate judge's report and recommendation recommended that the motions be denied. Carlos Acuna timely filed objections to the magistrate judge's report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). After carefully considering the objections, the magistrate judge's report and recommendation, and the record as a whole, the district court adopted the magistrate judge's 65-page report and recommendation with a one sentence order to that effect.

Ibarra Acuna and Carlos Acuna were both convicted after a jury trial in which the government presented evidence from the warehouse surveillance and searches of the tractor-trailer and Durango, and testimony from neighbors who positively identified Carlos Acuna in open court.

On appeal, Ibarra Acuna argues that the district court erred by (1) sentencing

him to a procedurally and substantively unreasonable sentence; (2) denying his motion to suppress evidence from the tractor-trailer based on a finding that he had not limited the scope of his consent by declining ownership of the tractor-trailer; and (3) declining to admit certain exculpatory statements under the rule of fairness. Carlos Acuna argues that the district court erred by (1) denying his motion to suppress and allowing an in-court identification by a witness who had previously identified him in a photographic lineup; (2) violating Article III of the United States Constitution by adopting the magistrate judge's 65-page report and recommendation with a one-sentence order stating that it had reviewed the record as a whole without further discussion; and (3) denying him a minor role reduction pursuant to U.S.S.G. § 3B.1.2(b).

After carefully considering the briefs, reviewing the record on appeal, and hearing oral argument, we find no merit in any of the issues presented by these appellants and no error on the part of the district court. Accordingly, we affirm the convictions and sentences for both Ibarra Acuna and Carlos Acuna.

**AFFIRMED**.